McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0065 KJM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: FEBRUARY 11, 2019<br>TIME: 9:00 AM |
| EMANUEL MOIS, | COURT: Hon. KIMBERLY J. MUELLER |
| Defendant. | |

I. **INTRODUCTION**

A. **Scope of Agreement.**

The indictment in this case charges the defendant with violation of 18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B. **Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in

PLEA AGREEMENT                          1

the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to the sole count in the indictment, violation of 18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.     Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis and other

victims as a result of the defendant's conduct for the offenses charged.

The defendant further agrees that his conduct is governed by 18 U.S.C. § 2259, which requires the Court to order restitution for certain offenses. The defendant acknowledges that, pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined by 18 U.S.C. § 2259(b)(3) and (c), and as may be proved by the United States or stipulated to by the parties. The defendant understands that there are approximately 45 victims identified in this case, and that the victims' compensable losses could range from approximately $1,000 to $150,000 each. The defendant understands that these figures are an estimate and that the amount of restitution will be determined by the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding. Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

### C.  Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

### D.  Special Assessment.

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court

finds that the defendant is non-indigent, the Court shall assess an additional mandatory special assessment of $5,000. In accordance with 18 U.S.C. § 3014, this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal conviction(s) on which the special assessment is based. The defendant reserves the right to argue to Probation and at sentencing that he is indigent, and the government retains the right to argue that the defendant is non-indigent.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such

counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.    Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

### III.    THE GOVERNMENT'S OBLIGATIONS

**A.    Recommendations.**

    1.    Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range, including the application of the mandatory statutory minimum term, as determined by the Court.

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B.   Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2):

First, the defendant knowingly received a visual depiction of sexually explicit conduct;

Second, it was a visual depiction of a minor, and the production involved the use of a minor engaging in sexually explicit conduct;

Third, the visual depiction was shipped or transported in interstate or foreign commerce, by any means, including computer; and

Fourth, the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged sexually explicit conduct.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose is 40 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100 if the Court finds the defendant is indigent, or special assessments in the amounts $100 and $5,000, for a total of $5,100 if the Court finds the defendant is non-indigent. The conviction carries a mandatory minimum sentence of 15 years of incarceration and 5 years supervised release.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 3 additional years of imprisonment. Certain violations of supervised release by a person required to register as a sex offender can result in revocation and require the defendant to serve not less than 5 additional years of imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further

understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Stipulations Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: **22** (Pursuant to U.S.S.G. § 2G2.2(a)(2))

2. Special Offense Characteristics: **+17**

    a. +2 (For material involving a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to U.S.S.G. § 2G2.2(b)(2))

    b. +4 (For material that portrays sadistic or masochistic conduct or other depictions of violence, or sexual abuse of an infant or toddler, pursuant to U.S.S.G. § 2G2.2(b)(4))

    c. +5 (Because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to U.S.S.G. § 2G2.2(b)(5))

    d. +2 (For use of a computer or an interactive computer service, pursuant to U.S.S.G. § 2G2.2(b)(6))

    e. +4 (Because the offense involved 300 or more images, pursuant to U.S.S.G. § 2G2.2(b)(7)(B))

3. Adjusted Offense Level: **39**

4. Acceptance of Responsibility: See paragraph III.B.2 above

5. Application of Statutorily Required Minimum Sentence: If statutorily required minimum sentence of 15 years is greater than the maximum of the applicable guideline range, as determined by the Court, the guideline sentence is 15 years, pursuant to U.S.S.G. § 5G1.1.

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

### VII.    WAIVERS

**A.    Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be

compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes

are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of California Penal Code Section 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update

his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

IX. **APPROVALS AND SIGNATURES**

A. **Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 2/6/19

ALAN J. DONATO
Attorney for Defendant

B. **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 2-6-19

EMANUEL MOIS
Defendant

C. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 2-11-19

McGREGOR W. SCOTT
United States Attorney

AMY SCHULLER HITCHCOCK
Assistant United States Attorney

PLEA AGREEMENT 12

EXHIBIT "A"

Factual Basis for Plea

On February 11, 2017, Emanuel MOIS was on parole pursuant to a conviction by the State of California for Possession/Distribution of Child Pornography, in violation of California Penal Code § 311,1(a), when he was contacted by Roseville Police in relation to a potential parole violation. Specifically, MOIS was suspected of associating with a minor in violation of his parole conditions. MOIS was detained by Roseville Police on a parole hold, per request by MOIS's parole officer.

At the time he was detained, Roseville Police seized MOIS' personal smartphone, a ZTE cellular phone. A forensic review identified at least 461 images depicting child pornography on MOIS' device. In at least some instances, these images were accessed, received, and downloaded from the internet by MOIS, and affirmatively stored on the phone by MOIS.

The images MOIS received and saved onto his phone included:

- File name: "2155.jpg". This is a color image depicting a nude, pre-pubescent girl performing sex on an adult male penis.

- File name: "636.jpg". This is a color image depicting a pre-pubescent boy standing outdoors. The boy's pants or shorts are pulled down revealing his erect penis. The boy's face is not visible in the image, and the focus of the image is the boy's genitalia.

- File name: "1354.jpg". This is a color images depicting a pre-pubescent girl lying nude on her back on a bed. The girls has the words "Fuck Me" written on her lower abdomen and a Playboy bunny symbol near the top of her vagina. An adult penis can be seen penetrating the girl's anus while another adult penis appears to have just ejaculated on her body. A white fluid can be seen on chest and abdomen.

- File name: "872.jpg". This is a color image depicting two people: one minor boy lying on his stomach facing away from the camera, and one pre-pubescent boy who appears to be taking his picture. The first boy is lying on his stomach and his hands are bound behind his back with black rope or cord. The first boy's penis can be clearly seen and there is a white fluid on his penis. The second boy's anus and scrotum can be seen, and the white fluid is also in and around the boy's anus.

MOIS took steps to hide his activity. For example, the internet browser application used to access and download the images depicting child pornography, the "Dolphin" internet browser, was actively "hidden" by MOIS from superficial view, meaning that an individual viewing his phone could only see that the Dolphin browser was on the phone by selecting certain options from the phone's menu. Further, MOIS downloaded the "Clean Master" application, which is an application that can be used to delete, hide, and encrypt images.

On April 6, 2017, MOIS was interviewed by law enforcement. In this interview, he acknowledged that he viewed child pornography.

In addition to the prior state conviction for child pornography pursuant to California Penal Code 311.1(a), MOIS was previously convicted by the State of California for sexual battery of a minor, in violation of California Penal Section 243.4(a). That conviction was related to an April 2013 incident in

which MOIS sexually assaulted a 14-year old boy. When interviewed by police, the victim stated that MOIS had sexually assaulted him on at least occasion, in February 2013 and in April 2013.

*I have reviewed the entire factual basis in Exhibit A above and, as far as my own conduct is concerned, I adopt it as my own true statement.*

Dated: 2-6-19

EMANUEL MOIS
Defendant

PLEA AGREEMENT                             A-2